IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LYNDON ELDER                                                                                             PLAINTIFF

v.                      Civil No. 6:22-CV-06105-SOH-CDC

J SMITH (K9 Unit, Hot Springs Police
Department), DOE HOT SPRINGS POLICE
OFFICERS, CHIEF OF POLICE CHRIS
CHAPMOND, DOE K9 SUPERVISOR, and
SERGEANT J. TINNEY                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The Court currently considers Plaintiff's failure to obey two court orders, failure to comply with the Federal and Local Rules of Civil Procedure, and failure to prosecute his case, as well as Defendants' Motion for Summary Judgment (ECF No. 97) and Motion for Facts to be Deemed Admitted. (ECF No. 111).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on September 14, 2022, (ECF No. 1), and it was transferred to this District on September 23, 2022. (ECF No. 8). On September 26, 2022, the Court ordered Plaintiff to file an Amended Complaint to correct deficiencies in his Complaint (ECF No. 12), which was filed on October 13, 2022. (ECF No. 18).

Plaintiff alleges excessive force in the deployment of a police K9 officer in his arrest. (*Id.*). This matter's long procedural history was described in detail in a November 11, 2023, order which

addressed Plaintiff's multiple non-compliant discovery motions, (ECF No. 103) and will not be repeated here.

Defendants filed their Motion for Summary Judgment on November 9, 2023. (ECF No. 97. 98, 99). After resolving Plaintiff's multiple outstanding discovery motions, *supra,* the Court ordered Plaintiff to respond by January 11, 2024. (ECF No. 104). Plaintiff was advised that failure to respond by the deadline would result in either Defendants' facts being deemed admitted or in dismissal of Plaintiff's case. (*Id*.). On January 8, 2024, Plaintiff moved for an extension of time to respond. (ECF No. 105). As grounds, he alleged he was consulting with an attorney, and it would take time to set up a visit at the Arkansas Division of Correction ('ADC") Unit where Plaintiff was incarcerated. (*Id*.). Defendants responded, stating they had no objection to Plaintiff's request. (ECF No. 106). Plaintiff's deadline was extended to February 9, 2024. (ECF No. 107).

On January 30, 2024, the Court informed Plaintiff, via order, that it had performed an *in camera* review of Defendant Smith's personnel file and found no incidents of, or reprimands for, the use of excessive force. (ECF No. 108).

On February 7, 2024, Plaintiff filed a second motion to extend his response time. (ECF No. 109). Plaintiff indicated that several days of bad weather had delayed his attorney's ability to visit the facility but represented that his attorney was still trying to arrange an appointment to visit. (*Id*.). Plaintiff named a local law firm as his attorney. (*Id*.). Because no notice of appearance had been filed in the case, the Court's staff contacted the firm by telephone on February 8, 2024, whereby it was learned that the firm was not representing Plaintiff and was not in the process of

arranging a visit to the ADC Unit.[1] The Court granted a second extension (ECF No. 110), making Plaintiff's response due on February 22, 2024.

When no response was forthcoming and on March 1, 2024, Defendants filed Motion for Facts to be Deemed Admitted (ECF No. 111), arguing that "[d]espite Plaintiff's permitted extension, the Court's directives and warning, and the Local Rules of the Eastern and Western Districts of Arkansas, Plaintiff has failed to respond to Defendants' Motion for Summary Judgment and to Defendants' Statement of Material Fact." (*Id*. at 2). Defendants seek to have their facts admitted and summary judgment granted with prejudice pursuant to the Federal Rules of Civil Procedure. The Court then ordered Plaintiff to show cause for his failure to obey the Court's orders and directed him to do so by March 22, 2024. (ECF No. 113). Plaintiff was advised that failure to comply would result in dismissal of his case. (*Id*.).

On March 18, 2024, Plaintiff filed a document labelled as "Motion to Show Cause, Response to Document #113" (ECF No. 114) which was docketed as his show cause response. Noting that the delay was "not Plaintiff's fault," (*Id*. at 6), Plaintiff says that an unidentified attorney visited on February 8, 2024, to "sort out the evidence" and respond to the Summary Judgment Motion but Warden Budnik refused to grant the attorney full access to the thumb drives. Plaintiff argues Warden Budnik did this to prevent him from receiving legal counsel. (*Id*. at 1-2). Plaintiff objects to the Motion for Facts to be Deemed Admitted and provides a several page rambling list of items which he states "are a list of things that are bias and prejudice against Plaintiff." (*Id*. at 2). For example, Plaintiff states that the Court permitted him to be deposed and then permitted Defendants' attorneys to twist his wording in the deposition transcript. (*Id*.). He

---

[1] A representative of the firm noted that the firm had initiated arranging an ADC visit but then realized the case was advanced and that a summary judgment motion had already been filed and changed course.

3

then says the Court did not send him file-marked copies of documents and permitted the Warden to "determine" legal counsel. (*Id*. at 2-3). Plaintiff argues that certain portions of videos are missing from the thumb drives provided and indicates he has released all thumb drives to be forensically examined for falsification. (*Id*. at 4). He provides an attached exhibit dated March 9, 2024, declaring that Plaintiff would like the "legal thumb drives" to be picked up by Mortista Wood during visitation and requesting a 90-day extension so that the thumb drives can be sent to the Department of Justice, news media, the American Civil Liberties Union, the Marshall Project, and the Human Rights Defense Center. (*Id*. at 5).

To date, no attorney has filed an appearance on behalf of Plaintiff. Nor has Plaintiff filed any document which is either substantively responsive to the Motion for Summary Judgment or the Court's order to show cause or compliant with the Local and Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's

4

failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

A dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

### III. ANALYSIS

The circumstances here reflect that Defendants expended resources to conduct discovery, including deposing Plaintiff, and prepared their defense in accordance with the Court's scheduling orders. When directed, they provided Defendant Smith's entire personnel record for an *in camera* review and then prepared a Motion for Summary Judgment with 47 Exhibits which was filed in November 2023. Plaintiff thereafter failed to respond to the Motion for Summary Judgment despite being given multiple extensions and opportunities to do; as of today – 5 months after the Defendants' Motion for Summary Judgment filed – Plaintiff has not filed any pleading which this Court can construe as a response or objection to Defendants' Motion for Summary Judgment. When directed to explain why he has ignored the Court's orders, Plaintiff's response of March 18,

5

2024, does not offer an account of his inaction but simply seeks more time, saying he has or will release thumb drives of his arrest to multiple organizations for "forensic review" and making other conclusory allegations unrelated to the pending Motion or his obligations to prosecute his case.

Plaintiff repeatedly was advised that failure to obey the Court's orders could result in the dismissal of his case. (ECF Nos. 10, 12, 104, 113).  Despite these warnings, Plaintiff willfully and intentionally failed to comply with two orders and to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Amended Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 18) be **DISMISSED WITH PREJUDICE.**  It is further recommended that Defendants' Motion for Summary Judgment (ECF No. 97) and Motion for Facts to be Deemed Admitted (ECF No. 111) be **DENIED AS MOOT** without prejudice as to refiling in the event this Report and Recommendation is not adopted by the U.S. District Judge.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this **28th day of March 2024**.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE