IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LYNDON ELDER                                                                                        PLAINTIFF

v.                                         Case No. 6:22-cv-6105

J. SMITH, *et al.*                                                                                  DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 115.

Judge Comstock recommends that Plaintiff's claims be dismissed with prejudice for multiple and continuing failures to comply with orders of the Court and to prosecute this matter in violation of Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure 41(b), respectively. Judge Comstock emphasizes Plaintiff's failure to respond to Defendants' Motion for Summary Judgment (ECF No. 97) in the nearly six months since it was filed on November 9, 2023. Judge Comstock notes that the Court previously issued an Order to Show Cause (ECF No. 113) requiring Plaintiff to show cause as to why he had failed to respond to Defendants' motion for summary judgment and that Plaintiff's response (ECF No. 114) provided no justification for his inaction. Further noting the amount of time, expense, and work put forth by Defendants in litigating this matter, Judge Comstock concludes that dismissal with prejudice is warranted under Federal Rule of Civil Procedure 41(b).[1] Judge Comstock further recommends that Defendants' Motion for Summary

---

[1] Judge Comstock also notes that the Court has taken significant steps to accommodate Plaintiff's requests in this matter, such as ordering Defendants to provide the Court with Defendant J. Smith's personnel file for *in camera* review to determine what information Plaintiff could receive. ECF No. 103.

Judgment (ECF No. 97) and Motion for Facts to be Deemed Admitted (ECF No. 111) be denied as moot.

Plaintiff filed a timely objection. ECF No. 116, 116-7. However, Plaintiff fails to offer any substantive rebuke of Judge Comstock's recommendation. The vast majority of Plaintiff's objection consists of somewhat coherent and barely legible ramblings about the facts of the case and his perception of the Court's bias. The closest Plaintiff comes to making a substantive objection is his assertion that attempts to retain counsel delayed his response. However, correspondence with a certain attorney (ECF Nos. 116-1, 116-2, 116-5) does not show that an attorney-client relationship was ever established or provide any justification for Plaintiff's complete failure to abide by the Court's demands.[2] Therefore, the Court does not consider Plaintiff's objection sufficiently specific to require a *de novo* review of Judge Comstock's R&R. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that specific objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); *and see* 28 U.S.C. § 636(b)(1).

Upon review, finding no clear error on the face of the record and that Judge Comstock's reasoning is sound, the Court adopts the R&R (ECF No. 115) *in toto*. Plaintiff's Amended Complaint (ECF No. 18) is hereby **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Defendants' Motions for Summary Judgment (ECF No. 97) for Facts to be Deemed Admitted (ECF No. 111) are hereby **DENIED** as **MOOT**.

**IT IS SO ORDERED**, this 10th day of May, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Though Plaintiff shows he established contact with an attorney in October 2023, no individual ever entered an appearance in this matter as counsel of record for Plaintiff or attempted to file anything on Plaintiff's behalf.